UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT E. LEE, | : | CIVIL NO. **4:05-CV-0958** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Smyser) |
| JO ANNE B. BARNHART,<br>Commissioner of<br>Social Security, | : | |
| Defendant | : | |

## **REPORT AND RECOMMENDATION**

The plaintiff has brought this civil action under the authority of 42 U.S.C. § 405(g) to obtain judicial review of the decision of the Commissioner of Social Security denying the claim of the plaintiff for supplemental security income benefits.

On June 17, 2003, the plaintiff, Robert E. Lee, applied for supplemental security income benefits. He claimed that he became disabled on March 1, 2002, as the result of hypertension, kidney disease, status post kidney transplant and

limitations attendant to that status, and chronic renal failure attendant to chronic kidney transplant rejection, chronic alcoholism, lung disease and hepatitis.  The claim was denied initially and on reconsideration.  The plaintiff filed a request for a hearing, and a hearing was held before an administrative law judge (ALJ) on November 15, 2004.  Tr. 258-277.

On January 28, 2005, the ALJ issued his decision denying the plaintiff benefits.  Tr. 12-19.  The Appeals Council denied the plaintiff's request for review (Tr. 9), making the ALJ's decision the final decision of the Commissioner.

The plaintiff filed his complaint with this court on May 11, 2005.  The defendant filed an answer to the complaint and a copy of the administrative record on July 11, 2005.  Pursuant to Local Rules 83.40.4 and 83.40.5, the plaintiff filed his brief on August 9, 2005 and the defendant filed her brief on September 1, 2005.  No reply brief has been filed.

If the Commissioner's decision is supported by substantial evidence it must be affirmed. 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)(quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995). Substantial evidence is more than a mere scintilla of evidence but less than a preponderance. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). However, in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the decision] from being supported by substantial evidence." *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966).

To facilitate review of the Commissioner's decision under the substantial evidence standard, the Commissioner's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Conflicts in the evidence must be resolved and the Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. *Id*. at 706-707. In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole. *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981).

The Commissioner has promulgated regulations creating a five-step process to determine if a claimant is disabled for purposes of a claim for supplemental security income benefits based upon a claim of a disability. The Commissioner must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work;

4


and, (5) whether the claimant's impairment prevents the claimant from doing any other work.  *See* 20 C.F.R. §404.1520 and 20 C.F.R. §416.920.

The disability determination involves shifting burdens of proof.  The initial burden rests with the claimant to demonstrate that he is unable to engage in his past relevant work.  If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform.  *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).

In this case the ALJ determined that the plaintiff has not engaged in substantial gainful activity since the alleged onset date, that he has impairments that are severe, that his impairments do not meet or equal any listed impairments, and that he has no past relevant work.   The ALJ further determined

that the plaintiff has the residual functional capacity[1] to perform a limited range of light work and to perform jobs identified by the vocational expert.

On the basis of these findings, the ALJ found the plaintiff not to be disabled.

The ALJ's Step Three analysis of the issue whether the plaintiff's impairments meet or medically equal listed impairments addressed the plaintiff's impairments each discretely and individually.  There is no consideration given to whether the plaintiff's impairments in combination are medically equal to any listed impairment.  *Burnett v. Commissioner*, 220 F.3d 112 (3d Cir. 2000); *Cotter v. Harris, supra*; 20 C.F.R. § 404.1526(a).  Given this claimant's several and serious severe impairments, this oversight was quite likely not harmless error.  We think that a remand for reconsideration of the Step Three issue involving the impairments in

---

1.
    "Residual Functional Capacity" is "that which an individual is still able to do despite the limitations caused by his or her impairment(s)."  *Burnett v. Commissioner of Social Security Adm.,* 220 F.3d 112, 121 (3d Cir. 2000) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999)).

combination is necessary.  Having noted this, we will turn to the plaintiff's arguments.

The plaintiff argues that the plaintiff's kidney status appears from the medical evidence in the record to be worsening and that the ALJ failed to adequately explain his reasons for rejecting the claimant's credibility.  We agree with the plaintiff here that the ALJ did not provide adequate reasons for rejecting the plaintiff's credibility or for denying the claim.  The ALJ did not explain the reasoning for finding the plaintiff to have the capacity to perform substantial gainful activity.

The defendant asks the court to conclude that the ALJ reasoned carefully and well when he "found the objective medical evidence suggested plaintiff could perform a 'moderate' amount of 'physical function' (Tr. 14) given his 'moderate' objective findings (Tr. 16)."  (Doc. 7, p.15).  However, we do not agree with the defendant.  Instead, we must observe that the phrasing used by the ALJ in combination with the reasoning ostensibly found by the ALJ to justify a finding adequate to

7

support a rejection of the plaintiff's claim is clearly flawed. The ALJ has not explained adequately what is meant at Tr. 16 by "moderate objective findings of record," and the court does not have a basis to hold that this critical finding is supported by substantial evidence. Moreover, the ALJ has not explained adequately what is meant by the Tr. 16 statement that "the claimant's subjective complaints are not fully credible" and has not explained adequately what is meant by the statement that the [not fully credible] subjective complaints are "somewhat inconsistent with the moderate objective findings of record." In fact, the ALJ has not identified even one such "subjective complaint" to illustrate how and why it is inconsistent with the "findings of record." The ALJ has not even specifically rejected the plaintiff's testimonial assertions about his residual functional capacity, which the ALJ had summarized at Tr. 15. In fact, in summarizing the plaintiff's testimonial assertions, the ALJ stated that the claimant "spoke clearly and appeared truthful."[2] In fact, the

---

2.
    It should be observed that the ALJ's Tr. 15 summary of the plaintiff's testimony contains some statements attributed to the plaintiff which, if not fully credible, might tend to make it less likely that the plaintiff can perform substantial gainful activity rather than more likely.
(continued...)

ALJ's characterization of the statements made by the plaintiff in his testimony as "complaints" is unexplained but requires explanation. In reading the plaintiff's answers to the ALJ's questions during the November 15, 2004 hearing, we would not find a basis to characterize the answers as complaints. The plaintiff appears to have directly and plainly answered the ALJ's questions and not to have stated complaints about his condition, about his reduced capacity or about any other matter. The ALJ has not referred here adequately to specifically what is meant by "subjective complaints," but has implied by his statement of his analysis that it is these "subjective complaints" that are seen to be most material in the plaintiff's claim. In rejecting some but not all of the "subjective complaints" the ALJ has not adequately explained how and why the surviving, credible subjective complaints do not support a finding of an inability to perform substantial gainful activity. In using the abstract rhetorical phrasing used here ("not fully credible," "subjective complaints,"

---

2. (...continued)
The plaintiff had stated that he is able to sit without restriction, is able to use his arms, hands and fingers normally, and is able to lift ten pounds. A rejection of the credibility of these statements might mean that the plaintiff had understated his abilities, but this is not said by the ALJ to be his meaning. We do not know what was meant.

9

"somewhat inconsistent with," "moderate objective findings of record" and "moderate amount of physical function") the ALJ has effectively insulated the findings here from a meaningful review based upon the substantial evidence standard of review. But since this court is required to determine whether the Commissioner's findings are supported by substantial evidence, and since the court can not fulfill that requirement without clear and understandable findings to review, this case should be remanded to permit and to require the Commissioner to make clear findings. *Cotter v. Harris, supra*. If the case's disposition turns on the question whether subjective complaints are credible, the ALJ must make clear credibility findings.

It is recommended that the case be remanded to the Commissioner.

                                            ***/s/ J. Andrew Smyser***
                                            J. Andrew Smyser
                                            Magistrate Judge

Dated:   December 1, 2005.